NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| VERNON P. LEE, | Civil Action No.: 11-4467 (JLL) |
|---|---|
| Plaintiff, | OPINION |
| v. | |
| CERTEGY CHECK SERVICES, INC., | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of a Motion to Dismiss Plaintiff Vernon P. Lee ("Plaintiff")'s Complaint by Defendant Certegy Check Services, Inc. ("Defendant" or "Certegy") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has considered Defendant's submission made in support of the instant motion, and the motion is unopposed. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, the motion is granted without prejudice.

### I. BACKGROUND

On or about July 8, 2011, Plaintiff Vernon P. Lee, an individual resident of New Jersey, filed a Special Civil Part Complaint against Defendant Certegy, a debt collector and Florida corporation, in the Superior Court of the State of New Jersey, Essex County. (Notice of Removal, ¶ 1; Br. Supp. Def. Mot. Dismiss, at 1). Defendant was served on July 14, 2011. (Notice of Removal, ¶ 2). Plaintiff's Complaint asserts one breach of contract claim against

Defendant, alleging that Certegy's failure to provide him with notice and authorization to place a collection account number notation on his personal credit file, reporting a delinquent account to credit reporting agencies, did not comply with the requirements in the contract and the Fair Debt Collection Practices Act ("FDCPA"). (Notice of Removal, Ex. A, "Certification of Plaintiff Vernon P. Lee," ¶ 5; Br. Supp. Def. Mot. Dismiss, at 1-2). Defendant filed a Notice of Removal on August 2, 2011, pursuant to 28 U.S.C. § 1331, as Plaintiff's cause of action under the Fair Debt Collection Practices Act arises under federal law. (Notice of Removal, ¶¶ 4-5). On October 4, 2011, Defendant filed this Motion to Dismiss [Docket Entry No. 3].

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"; mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.

The burden of proof for showing that no claim has been stated is on the moving party.

Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a Court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In general, the Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities: "This liberality is expressed throughout the Federal Rules of Civil Procedure and is enshrined in a long and distinguished history . . . . An inadvertant mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." Lundy v. Adamar of New Jersey, 34 F.3d 1173, 1186 (3d Cir. 1994). Further, courts will not dismiss for failure to state a claim merely because the complaint miscategorizes legal theories or does not point to an appropriate statute or law to raise a claim for relief. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 909 n.10 (1990); Common Cause v. Pennsylvania, 558 F.3d 249 (3d Cir. 2009). With this framework in mind, the Court turns now to Defendant's motion.

### III. DISCUSSION

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA protects consumers from debt collectors communicating with third parties in certain specified circumstances:

3

> [W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

Defendant argues that, while Plaintiff alleges that it failed to provide notice when it reported a delinquent account to a credit reporting agency, his Complaint should be dismissed because he "fails to cite any case law, statutory provision, or contractual agreement that would entitle [him] to relief. Plaintiff merely argues that it was improper for defendant to report a delinquent account to credit reporting agencies without first notifying him. This is a wholly unsupported conclusion without basis in law." (Br. Supp. Def. Mot. Dismiss, at 4). However, Plaintiff is neither required to cite case law or relevant legal provisions in his Complaint, and it is the duty of the Court upon reviewing a 12(b)(6) motion to dismiss to examine whether any legal theory exists for recovery that is cognizable. Since the FDCPA clearly provides protections for consumers who have suffered harms resulting from a debt collector's communications with a third party, and since Plaintiff has alleged facts regarding Defendant's reporting his delinquency without notice or authorization, the Court finds that Plaintiff's claim indicates a cognizable legal theory under federal law.

However, this Court must determine whether the assertions in Plaintiff's Complaint allow it to draw a reasonable inference that Defendant's reporting of Plaintiff's delinquent account to a third party was made to a person not authorized under the relevant provisions of the FDCPA. Having carefully reviewed the allegations set forth in Plaintiff's Complaint, the Court agrees that Plaintiff's claim fails to meet the pleading requirement of plausibility under Rule 8(a). Plaintiff

only asserts that he was not provided notice or authorization, without stating to whom his account was reported. Further, Plaintiff cites no contractual language prohibiting third-party communications which Defendant allegedly breached. Thus, Plaintiff does not satisfy his burden of pleading his claim with sufficient particularity since, without alleging any facts regarding the nature and extent of the alleged communication since, even assuming all of Plaintiff's alleged facts to be true and making all reasonable inferences in his favor, it is still possible that the debt collector made an authorized communication in its reporting. This Court therefore finds that Plaintiff has failed to raise a right to relief on this claim to a sufficient level of plausibility, and Defendant's motion to dismiss Plaintiff's claim is granted without prejudice. To the extent that such a claim can be remedied by an amendment, the Court will afford Plaintiff thirty (30) days from the entry of the attached Order to file an Amended Complaint which cures the pleading deficiencies addressed herein. Plaintiff's failure to file such an Amended Complaint by such date will result in the dismissal of Plaintiff's breach of contract claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED without prejudice to the refiling of the same. An appropriate Order accompanies this Opinion.

DATED: November ___, 2011

  Jose L. Linares
  United States District Judge